Judge Haggin
delivered the opinion of the Court.*
A patent issued to Triplett and Crutcher for ten thousand acres of land, in the year 1786.
In the year 1708, a patent issued to Estili, covering in part the same land.
And in the year 1805, a patent issued to Dougherty, covering a part of the inte i fere nee between Estili and and Crntclmr.
At common law, the oc-boundVor rents to a pe-nod long an-teriortojudg-B™o„roccu_ pant]áw which gor”se "holds him responsible only foe *'eats judgmont. Where the judgment is the'jaaer”1 part of the year, wheth-chargeable for the rent of phe^e0n’,ile" whether the crop was ju<jgmerit. Mandate to apC0’vathe oc-. cupantfor improvc-^¿¡erhis’*' claim.
*34 In the year 1795, Triplett and Crutcher conveyed té George Lewis, and he to Foreman in the year 1303, and the latter to Kercheval in the year 1806.
In 180S, Foreman commenced an ejectment against the tenants on the land, and obtaining judgment by default, possession was delivered his alienee in 1806, and from that time the land was held under Kercheval until 1813, when Dougherty obtained adjudgment in ejectment against his tenants, by default, and dispossessed them, and in 1817, Kercheval commenced an action of ejectment upon his elder grant, being that.of Triplett and Crutcher, and again obtained a judgment for the possession against Dougherty.
Dougherty then had commissioners appointed for assessment of improvements, &c. who reported in various mo^es- The parties entered into an agreement of facts, consenting likewise to take depositions touching improvements, all of which were to be submitted to the cour*T°r decision on the report. It was also admitted, that after the commencement of the last ejectment by Kercheval, Dougherty had purchased Estill’s claim, and during his occupancy, subsequent to 1813, he had cleared twenty acres of land. , The commissioners report the quantity ofland subject to rentto be 265 acres and 74 poles, and the annual rent per acre, $1 33. They ^“d also the value of the clearing of the twenty acres, at $7 per acre, and the court gave a judgment in favor 0f the plaintiff for $677 27, from which Dougherty ap» iff v o J tr Pealem
It is now Contended, that most of the open land was cleared by Estili, and that Dougherty is entitled to an allowance for it. But, we apprehend, this position cannot be maintained. It is true some of the improvements are proved to have been made by Lewis, and that Lewis sajd to some of the tenants, that he claimed under Es-till. But it will be seen, that Lewis claimed distincl- and sold to Foreman, under whom Kercheval derives title.
We say nothing as to the effect of the lapse of time, had it appeared that any of the early improvements were made under Estili, a period that would bar all actions known to the law for an indemnity.
The record, however, is defective in failing to show i10-w many years’ rent were due to Kercheval. If only two, the judgment was for too much; if three years’ *35 rent were due the plaintiff, the judgment was not equal to Ifis just dues* It would seem that the court computed a rent for a portion of the year, and this, we apprehend, was incorrect; for it is the receipt of the rents and the issues, which render the occupant responsible,
Bibb, for Dougherty; Sharp, for Triplett,.&c.,
The parties, to supply that defect of record, have admitted that the judgment in. ejectment was rendered at the October term 1820,, and, the writ of possession issued in March 1823.. Still, the court cannot decide whether the crop had been gathered before the judg-mentor not; and as the act of assembly on this subject, holds the tenant responsible only for rents which accrued subsequent fc> the judgment, it is impossible to say whether the, defendants wer.e bound, for two or three years’ rent.
But for this act, the plaintiff would, hy strict law, probably have had his writ of possession immediately after the adjournment of the court, and the crop not being gathered, he would have received it; or being, ed, he would recover a reasonable rent-by action for. mesne profits, to a period long anterior to the judgment, He would still seem to be entitled to the rents which became due subsequent to the judgment.,
Bu.t as it does not appear at what time the crop was gathered.i.n 1820, the judgment must be reversed with costs,, the- cause remanded, the circuit court to asr certain by commissioners whether or not the crop, was gathered, befpre the judgment in ejectment, and to give judgment for rent for two years, or. for three,, as that fact jmpj be found, for the plaintiff, at the rate per annum and. for, the contents heretofore reported, to a credit of $7 acre for twenty acres, being
Note. — It swims from the dictum in this opinion, that if the improvements made by the first possessors, prior to their eviction in 1806, when the successful claimant was put into possession, had been made under the claim of Estill, which was afterwards acquired by Dougherty, the subsequent occupant; yet the lapse of time being upwards of fifteen years, duringthq first seven of which, the improvements were occupied by the successful claimant, would bar nil lotions against him for their value. «

 Absent, Judge Trimble.